# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 1129 | **DATE** | 11/21/2000 |
| **CASE TITLE** | In Re: GENERAL INSTRUMENT CORPORATION SECURITIES LITIGATION | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants' motion for summary judgment is granted. Plaintiff's motion to substitute Motorola as nominal defendant is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | NOV 22 2000 date docketed | | |
| ✓ | Docketing to mail notices. | | | 406 |
| | Mail AO 450 form. | NOV 22 2000 docketing deputy initials | | |
| | Copy to judge/magistrate judge. | ED-7 FILED FOR DOCKETING | | |
| WAP | courtroom deputy's initials | 00 NOV 21 PM 2: 52 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
NOV 21 2000

Judge Harry D. Leinenweber
U.S. District Court

IN RE: GENERAL INSTRUMENT
CORPORATION SECURITIES
LITIGATION

Master File No. 96 C 1129

THIS DOCUMENT RELATES TO:
DERIVATIVE ACTION

Judge Harry D. Leinenweber

DOCKETED
NOV 22 2000

## MEMORANDUM OPINION AND ORDER

Before the Court are three securities actions, all brought against General Instrument Corp. ("GI") and several of its directors and officers, which have been consolidated for coordinated pretrial proceedings pursuant to the Order of the Judicial Panel for Multi-District Litigation. This memorandum opinion and order addresses the derivative action brought by shareholder Seymour Lazar. Defendants' seek summary judgment against Lazar while Lazar seeks substitution of Motorola, Inc. as a nominal defendant pursuant to FED. R. CIV. P. 25(c).

### BACKGROUND

The facts relevant to the disposition of the motions are not in dispute. Seymour Lazar, originally a shareholder of General Instrument Corp. ("GI"), initiated this suit in October 1995, alleging breach of fiduciary duties by various directors and executive officers of GI in connection with the defendants' insider sales of GI stock.



But in July of 1997, by virtue of a Distribution Agreement approved by the shareholders, GI underwent corporate restructuring. GI spun off its communications and cable manufacturing businesses and formed two separate corporations, NextLevel Systems, Inc. ("NextLevel") and CommScope, Inc. ("CommScope"). The Distribution Agreement also provided that,

> Next Level Systems shall assume, on behalf of GI, complete control of the defense of, and shall assume (either directly or though an indemnification arrangement) any and all liabilities in connection with each of the Securities Litigation . . .

(Pltf. App. to Cross Mot., Ex. A at F-25). "Securities Litigation," is defined by the Distribution Agreement, in reference to the contemporaneously issued Proxy Statement, as including Lazar's present derivative suit. (*Id.* at F-11; Def. App. to 56.1 Stmt., Ex. A at 122).

After GI had divested itself of CommScope and NextLevel, GI changed its name to General Semiconductor, Inc. ("General Semiconductor") and continued to conduct only its power semiconductor business. In conjunction with the spin-off, shareholders were distributed shares of Next Level, Commscope, and General Semiconductor in exchange for their GI stock. Therefore, immediately after the restructuring, Lazar held 300 shares of Next Level, 10 shares of Commscope, and 75 shares of General Semiconductor.

In January of 2000, the three surviving corporations of GI underwent further metamorphoses. NextLevel – which by then had taken on the old name "General Instrument" – was merged with a wholly owned subsidiary of Motorola, Lucerne Acquisition Corporation in an acquisition. NextLevel/GI stockholders received little over half a share of Motorola stock for every NextLevel/GI stock they held. Lazar currently holds Motorola stock.

## **DISCUSSION**

Because Lazar's Rule 25(c) motion is contingent on the outcome of defendants' motion for summary judgment, the Court will address the summary judgment motion first. As usual, summary judgment will be granted only if the pleadings and discovery "show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The emphasis is, of course, on "material fact." Any mere factual dispute will not be sufficient to defeat summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49.

Here, the defendants seek summary judgment on two alternative grounds: (1) a derivative suit requires demonstration of actual injury to the corporation itself and Lazar does not do so; and (2) Lazar lacks standing. The Court examines these grounds in turn.

Essentially, the only "injury" Lazar alleges was caused by defendants' breach of duty are profits from their insider trading. Insisting that all derivative actions require actual injury to the

- 3 -

corporation itself, defendants seek summary judgment on grounds that insider trading profits do not amount to an injury to GI.

In so asserting, defendants urge this Court to ignore *Brohpy v. Cities Services Co.*, 70 A.2d 5 (Del. Ch. 1949) and long-standing affirmance of that court's holding by subsequent Delaware courts. *See, e.g., Field v. Allyn*, 457 A.2d 1089, 1099 (Del Ch. 1983), *aff'd.*, 467 A.2d 1274 (Del. Super. Ct. 1983). *Brohpy* holds that "[i]n equity, when breach of a confidential relation by an employee is relied on and an accounting for any resulting profits is sought, loss to the corporation need not be charged in the complaint." *Brohpy*, 70 A.2d at 8. But since defendants agree with Lazar that Delaware law governs this case, and since no indication is given that *Brophy* has since fallen into disrepute, the Court must reject defendants' efforts to overturn Delaware law.

However, defendants' standing argument fairs better. In Delaware, in order for an individual to pursue derivative claims, not only must he have been a shareholder of the nominal defendant corporation at the time of the challenged transaction, 8 Del. C. § 327, but he must also remain a shareholder at the time of the filing of the suit and throughout the litigation. *Lewis v. Anderson*, 477 A.2d 1040, 1046 (Del. 1984). Since Lazar no longer owns any GI stock, defendants contend that *Lewis* controls and Lazar's claims must be dismissed for lack of standing. The Court agrees.

- 4 -

The facts of *Lewis* and this case are similar. In *Lewis*, the plaintiff had originally brought a derivative suit against the various officers and directors of a company the court designated "Old Conoco." *Lewis,* 477 A.2d at 1042. However, during the pendency of the litigation, Old Conoco was merged with a wholly owned subsidiary of Du Pont. *Id.* Under the terms of the merger, the merged entity became New Conoco, shareholders of Old Conoco, including plaintiff Lewis, became shareholders of Du Pont, and Du Pont became the sole shareholder of New Conoco. *Id.* Under such circumstances, the court ruled that Lewis no longer had standing to pursue his derivative suit. "A plaintiff who ceases to be a shareholder, whether by reason of merger or for any other reason, loses standing to continue a derivative suit." *Lewis,* 477 A.2d at 1049.

Lazar, however, argues that *Lewis* is distinguishable from this case. The precise issue in *Lewis* was whether, in a merger, the derivative cause of action passed to the successor entity or to the former shareholders. The court ruled that derivative actions, like all other property rights, passed to the new corporation, and a former shareholder may not continue the suit as if the merger never happened. *Lewis,* 477 A.2d at 1049.

Here, in contrast, Lazar does not contest that the cause of action passed to Motorola and its subsidiary; in fact, they insist that the action did so pass from old NextLevel to new NextLevel.

- 5 -

Unlike *Lewis*, Lazar claims that he is now and has been since January 2000, pursuing this action on behalf of Motorola, as a shareholder of Motorola, and not as a shareholder of NextLevel or GI. Therefore, standing is preserved.

Lazar is not the only party to have argued for a narrow application of *Lewis*. In *Blasband v. Rales*, 971 F.2d 1034 (3rd Cir. 1992), the Third Circuit distinguished *Lewis* in precisely the same way as Lazar seeks to do. The plaintiff Blasband was a shareholder of Easco Hand Tools, Inc. ("Easco"). *Id.* at 1037. But by virtue of a merger agreement, Easco was merged with a wholly owned subsidiary of Danaher Corp. *Id.* at 1038. Thus, Easco became a wholly owned subsidiary of Danaher and Blasband became a shareholder of Danaher. *Id.* However, Blasband subsequently became suspicious of transactions consummated by the former directors of old Easco prior to the merger. *Id.* at 1038-39. Blasband consequently brought suit against the directors of old Easco on behalf of Danaher. *Id.*

In its ruling, the Third Circuit was initially concerned with Blasband's standing, given the broad holding of *Lewis* that a merger generally eliminates the standing of plaintiffs to pursue derivative suits for pre-merger transactions. However, the court ultimately found *Lewis* distinguishable. It concluded that the *Lewis* court was only faced with the question of whether Lewis could continue to pursue a derivative action on behalf of himself, not

whether Lewis could, as a shareholder of Du Pont, pursue the derivative claims on behalf of Du Pont. *Blasband*, 971 F.2d at 1042. Observing that double derivative suits are permitted under Delaware law, the *Blasband* court held that since Blasband held shares of Old Easco at the time of the challenged transaction, and now holds stock in Danaher, the parent corporation of New Easco, his derivative suit on behalf of Danaher does not run afoul of the standing requirement. *Id.* at 1046.

The *Blasband* analysis may be persuasive (although the Delaware Supreme Court refused to comment on the propriety of the holding when it addressed a different aspect of the same case, *see Rales v. Blasband*, 634 A.2d 927, 931 (Del. 1993)), but *Blasband* does not help Lazar. The fact is, Lazar has never fairly presented a claim on behalf of Motorola before this Court. Plaintiff would like to fudge the pleading issue by claiming that he has "*de facto*" pursued this claim on behalf of Motorola since the merger. (Pltf. Opp. at 8). However, new theories require new complaints and a plaintiff may not amend his complaint via arguments made in opposition to a summary judgment motion. *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 606 (7th Cir. 2000); *Speer v. Rand McNally & Co.*, 123 F.3d 658, 665 (7th Cir. 1997).

Furthermore, this Court's insistence upon formal pleading is not a meaningless technical exercise. The Court is mindful of the equitable nature of the derivative suit. *Schrieber v. Carney*, 447

A.2d 17, 22 (Del. Ch. 1982)(cautioning that Delaware's standing provision for derivative suits "are not inflexible standards and this Court, as a Court of Equity, must examine carefully the particular circumstances of each case."). However, a double derivative claim, like the one Lazar seeks to pursue here, is a very different creature from the standard derivative claim that Lazar began with. A double derivative claim requires allegations and, ultimately, proof of very different facts. For example, a double derivative suit requires the plaintiff to meet or be excused from the demand requirement as to both the subsidiary and the parent corporation; whereas, in a standard derivative case, the plaintiff is required to meet the demand requirement only once. *See Rales*, 634 A.2d at 934. Plaintiff suggests in a footnote that since the successor corporation steps into the shoes of the former entity, Motorola cannot revisit the demand issue already decided in favor of the plaintiff back in September 1998. (Pltf. Opp. at 6, n. 4). But Lazar does not have it quite right. The successor corporation to old NextLevel is not Motorola but new NextLevel, which is a subsidiary of Motorola. It may very well be that new NextLevel cannot re-litigate the issue of demand futility, but whether Lazar can be excused from making a demand on Motorola is a wholly different issue. And nothing in the operative complaint or the evidentiary record is consistent with the claim that this action is being brought on behalf of Motorola.

In sum, from the perspective of the operative complaint, Lazar's case is indistinguishable from that of *Lewis* and, therefore, *Lewis* controls. Lazar, no longer being a shareholder of GI, lacks standing to bring a derivative action on its behalf. It follows, then, that Lazar's Rule 25(c) motion to substitute Motorola as a nominal defendant must be also be denied, in the absence of any controversy involving Motorola.

### CONCLUSION

For the above reasons, defendants' motion for summary judgment is granted. Plaintiff's motion to substitute Motorola as nominal defendant is denied.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: November 21, 2000